## WESLEY *v.* BAKER.

### Opinion delivered May 15, 1922.

1. MANDAMUS—DEFENSE—PENDENCY OF ANOTHER PROCEEDING.—In a proceeding for mandamus to compel school directors to maintain a separate school for the education of white children in the district, it is no defense that there is pending before the county board of education a petition by the board of directors to transfer the white children to an adjoining school district.

2. SCHOOLS AND SCHOOL DISTRICTS—PROCEEDINGS OF COUNTY BOARD—REVIEW.—The acts of a county board of education are *quasi* judicial, and the only method of reviewing such proceedings is by certiorari.

3. SCHOOLS AND SCHOOL DISTRICTS—RE-TRANSFER OF PUPILS—VALIDITY.—An order of the county board of education re-transferring four white children to the district of their residence is not invalid, though made for the purpose of augmenting the number of white children in the district so as to require the directors to maintain a separate school for their education.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; affirmed.

*Bush & Bush,* for appellants.

*Randolph P. Hamby,* for appellees.

HUMPHREYS, J. This is an appeal from the judgment of the circuit court of Nevada County, coercing the directors of School District No. 61 to provide a separate

school for twelve white children residing in said district. The record reveals that the lands in the district are largely owned by the white people, and most of the school tax paid by them; that there are about one hundred negro and twelve white children of school age residing in the district; that the directors of the school district are negroes, and in the past have maintained a school for the negro children in the district, but none for the white children; that the white children have been in the habit of going to a separate white school about three miles distant and inconveniently situated with reference to their homes; that four of the white children who had been transferred into another district had been transferred back to District No. 61 by the county board of education, over the objection of the directors of said school district, who took an appeal from the order to the circuit court, where same was pending at the time this cause was tried; that, prior to the institution of this proceeding in mandamus, the directors of School District No. 61 had applied to the county board of education for the transfer of the other eight white children residing in the district to another district, and at the time of the trial of this cause the petition for their transfer was pending before said board; that the parents of the white children residing in the district had almost completed a school building without expense to the district; that a separate school for the negro children in the district was maintained for a period of five months each year, and was taught by a principal and one assistant whose salaries were respectively $60 and $30 per month; that the funds were insufficient to maintain two schools for three months in the year upon the same basis of expense incident to maintaining a school for the negro children. There is a suggestion in the argument of appellants for reversal of the judgment that this action to compel the directors to maintain a separate school for the white children was prematurely instituted for the reason that the application of the board of directors to transfer eight of the white children to an

adjoining district was pending before the county board
of education, and because the petition to transfer **four of**
the white children into District No. 61 over the protest of
the directors was pending in the circuit court on appeal
from said board. We do not understand that the pend-
ency of either proceeding could prevent the parents of
the white children, ten in number or over, from petition-
ing for a writ of mandamus to compel school directors to
maintain a separate school for the education of white
children in the district. The appeal to the circuit court
from the order transferring the four white children into
District No. 61 did not supersede the order transferring
them into the district. In fact, this court very recently
ruled that the acts of the county board of education were
*quasi* judicial, from which no appeal is given by the
statutes, holding that the only method for reviewing the
proceedings was by certiorari. *Mitchell* v. *Directors
of School Dist. No. 15, ante* p. 50; *Acree* v. *Patterson,
ante* p. 188.

Appellants' only other insistence for reversal is that
the court committed reversible error in upholding the
order of the county board of education in transferring the
four white children into District No. 61. Prior to the
transfer of the white children into the district, the num-
ber of white children therein was not sufficient to require
the establishment of a separate school for the whites. The
transfer of the four white children into the district had
the effect of making the requisite number of white chil-
dren to compel the establishment of a separate school for
their education. Appellants' contention is that the
transfer of the four white children into the district is il-
legal because it is apparent that it was done for the
purpose of augmenting the number of white children so as
to require the directors to maintain a separate school for
their education. In other words, that it is illegal to trans-
fer children from one district into another where there
is no established school which they can attend. We deem
it unnecessary to decide the question presented by the
argument, as the facts in the instant case show that the

four children transferred into District No. 61 from another district were *bona fide* residents of District No. 61, and had theretofore been transferred into another district for school purposes because there were not sufficient white children in District No. 61 to require the board to maintain a separate school for their education. The real purpose of the transfer was to return four white children to their home district, where they had a right to be educated in a separate school for whites, as soon as there were enough white children resident therein to command the maintenance of a separate school for their education. We are unable to find anything in the statutes which supports the contention of appellants or militates against the judgment of the lower court.

The judgment is therefore affirmed.